UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1863 CAS (JWJx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | VIRGILIO GOMEZ MUNOZ v. JANE ARELLANO, ETC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present                        Not Present

**Proceedings:**   (IN CHAMBERS) ORDER RE: RESPONDENTS' MOTION FOR ORDER OF REMAND (filed 5/28/08)

**I.   INTRODUCTION**

On March 19, 2008, petitioner, who is a citizen of Colombia and a lawful permanent resident of the United States, filed a petition for hearing on naturalization and a complaint for declaratory and injunctive relief.  Petition ¶¶ 7, 13.  Petitioner alleges that on February 28, 2005, he submitted an application for naturalization to United States Citizen and Immigration Services ("CIS") and passed his language, history, and government examination on January 6, 2006.  Id. ¶¶ 2, 19.

According to petitioner, respondents, who are officers and employees of the United States sued in their official capacities, have since failed to reach a determination regarding his application.  Id. ¶ 24.  Petitioner alleges that CIS officials have informed his attorney -- over the course of five conversations between January 2006 and January 2008 -- that the processing of his application has been delayed pending petitioner's criminal background investigation.  Id. ¶¶ 20-23.  Petitioner alleges that these officials have not stated when this background investigation will be completed.  Id.  Petitioner seeks a judicial determination regarding his application for naturalization, pursuant to 8 U.S.C. § 1447(b).

On March 26, 2008, removal proceedings were commenced against petitioner when CIS issued to petitioner a notice to appear, directing him to appear before an immigration judge.  Opp'n 3, Reply 2.  These proceedings are pending.  On March 27, CIS denied petitioner's naturalization application on the ground that removal proceedings

UNITED STATES DISTRICT COURT  JS - 6
CENTRAL DISTRICT OF CALIFORNIA                                           O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1863 CAS (JWJx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | VIRGILIO GOMEZ MUNOZ v. JANE ARELLANO, ETC.; ET AL. | | |

were pending.[1] Id.

On May 28, 2008, respondents filed the instant motion to remand the action to CIS for adjudication. Plaintiff filed an opposition thereto on June 4, 2008. Respondents filed a reply on June 16, 2008. A hearing was held on June 30, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.   DISCUSSION**

Under 8 U.S.C. § 1447(b), if CIS fails to adjudicate a citizenship application within 120 days after the date on which a naturalization examination is conducted, an applicant may obtain a hearing in district court. After a proper request for such a hearing, the court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [the Department of Homeland Security] to determine the matter." 8 U.S.C. § 1447(b).

Respondents assert that CIS is prepared to adjudicate petitioner's application for naturalization within 30 days of the filing of an order remanding this matter to CIS. Declaration of Caroline D'Angelo ¶ 4. They urge that this Court should, in its discretion, remand the action to CIS so that petitioner's application may be adjudicated. Respondents cite to several cases in support of their contention that CIS is better suited than this Court for determining whether petitioner should be naturalized. See, e.g., Manzoor v. Chertoff, 472 F. Supp. 2d 801, 809 (E.D. Va. 2007) ("when CIS fails to make a timely decision on an application due to delays in the completion of the background checks, the appropriate remedy for that failure invariably will be simply to remand the matter back to CIS, and direct CIS to make a decision on the application within a reasonable time after the background checks are completed."); Shalabi v. Gonzales, 2006

---

[1] On April 7, 2008, CIS reversed the denial of petitioner's application based on its determination that the pendency of this action divested it of jurisdiction to adjudicate petitioner's application. Id.; see United States v. Hovsepian, 359 F.3d 1144, 1160-64 (9th Cir. 2004) (en banc) (holding that 8 U.S.C. § 1447(b) permits the a district court to obtain exclusive jurisdiction over naturalization applications on which CIS fails to act within 120 days if the applicant properly invokes the court's authority).

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1863 CAS (JWJx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | VIRGILIO GOMEZ MUNOZ v. JANE ARELLANO, ETC.; ET AL. | | |

WL 3032413, at *3 (E.D. Mo. 2006) (remanding the matter of a petitioner's naturalization application to CIS because a criminal background investigation was pending).

Petitioner disputes CIS' claim that it would promptly adjudicate his application, noting that, under 8 U.S.C. § 1429, CIS is not authorized to review his application until the removal proceedings against him have concluded.  Section 1429 provides that "no application for naturalization shall be considered by the Attorney General court if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act . . ."

However, even were this Court to retain jurisdiction of this case and to reach a favorable determination with regard to petitioner's application, the weight of authority indicates that it could not then order CIS to naturalize petitioner unless and until he prevailed in the removal proceedings now pending before the immigration judge.  See De Lara Bellajaro v. Schiltgen, 378 F.3d 1042, 1045 (9th Cir. 2004) ("the natural reading of § 1429 is that removal proceedings and final removal orders are to take precedence over naturalization applications."); Ibrahim v. Dep't of Homeland Sec., 2005 U.S. Dist. LEXIS 40578, at *16 (S.D. Tex. 2005) ("*no* court has found it has the authority to order the Attorney General to naturalize a person against whom removal proceedings are pending.  The only dispute among the courts is whether, during the pendency of removal proceedings, a court may consider the merits of a petitioner's naturalization application and issue a decision *contingent upon* the petitioner prevailing in the removal proceedings.") (emphasis in original).

Respondents have indicated that CIS would issue a decision as to petitioner's naturalization application within 30 days of the issuance of an order remanding this action to CIS.  In making this assertion, respondents appear not to have considered the fact that § 1429 precludes CIS from considering petitioner's application until the removal proceedings have completed.  Nonetheless, it is apparent that CIS stands ready to act promptly with regard to petitioner's application and that it would do so in the event that the immigration judge declines to order petitioner's removal.

Accordingly, the Court declines to adjudicate petitioner's application in the first instance.  Instead, pursuant to its authority under § 1447(b), the Court remands this action to CIS with instructions to promptly determine petitioner's application in the event that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1863 CAS (JWJx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | VIRGILIO GOMEZ MUNOZ v. JANE ARELLANO, ETC.; ET AL. | | |

he prevails in the removal proceedings. See Mundo v. U.S. Dep't of Homeland Sec., 2007 U.S. Dist. LEXIS 56013, at *4 (N.D. Cal. 2007) (asserting jurisdiction under § 1447(b), but remanding case due to pendency of removal proceedings in light of the legislative intent behind § 1429); Zhai v. United States Citizenship & Immigration Servs., 2004 U.S. Dist. LEXIS 18029, at *11-13 (N.D. Cal. 2004) ("[T]he Court is of the view that, in light of the clear legislative intent as set forth in § 1429, it should not, in the instant case, exercise its discretion to 'determine the matter.'").

### III. CONCLUSION

In accordance with the foregoing, the Court GRANTS respondents' motion to remand.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |